[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is taken by plaintiff/appellant/cross-appellee Nazih J. Dabis ("appellant") from a judgment of the Court of Common Pleas of Mercer County granting his divorce from defendant/appellee/cross-appellant Raghda N. Dabis ("Appellee).
Appellant and Appellee were married in Amman, Jordan on November 24, 1972. The parties separated in December of 1995. On December 15, 1995, Appellant filed for divorce and left the home. Appellee filed her answer on January 12, 1996. A hearing was held before the magistrate on February 5, 1997. On July 29, 1997, the magistrate filed his report. Appellant filed objections to the report on August 12, 1997. On October 6, 1997, both parties filed additional objections to the report. The trial court overruled all objections and affirmed the magistrate's decision on October 20, 1997. The divorce was granted on November 12, 1997.
Appellant raises the following assignments of error:
 The trial court erred when it failed to properly determine the child support order because it failed to articulate the basis for its findings concerning the income of appellant.
 The trial court erred when it failed to properly determine spousal support because it failed to articulate the basis for its findings concerning the income of appellant, and it failed to analyze the relevant factors set forth in R.C. 3105.18.
 The trial court abused its discretion in using multiple dates for the division of assets and not using the date of the separation of the parties as the de facto date the marriage terminated.
 The trial court erred in issuing its decision without analyzing and disposing of all of the marital assets and debts of the parties.
Appellee raises the following assignments of error in her cross-appeal:
 The trial court abused its discretion when it failed to order that spousal support and child support be made retroactive to the date of filing the motion requesting same.
 The trial court erred when it failed to award appellee one half of the amount of the McPrice Court Investment distribution of $54,861.55 and one half of the Charles Schwab account.
 The trial court erred when it failed to order an equitable division of or allowance for marital real estate which is located in Jordan and Palestine.
The first and second assignments of error are similar and thus will be addressed together. Appellant asserts that the trial court erred when it arbitrarily determined appellant's income and used that figure to determine child support and spousal support. The trial court found appellant's annual income to be $243,807. However, the only statement in the record that reflects this figure is in a child support worksheet submitted by appellee during the closing argument. This not only is not evidence, it is not even supported by the remainder of appellee's argument, which claims appellant's income to be over $300,000. The record before us is wholly inadequate to make findings of this nature and thus there is no evidence to support it. Thus, the first and second assignments of error are well-taken.
The third assignment of error asserts that the trial court improperly used different dates when dividing the assets.
 "During the marriage" means whichever of the following is applicable:
 (a) Except as provided in division (A)(2)(b) of this section, the period of time from the date of the marriage through the date of the final hearing in an action for divorce or in an action for legal separation;
 (b) If the court determines that the use of either or both of the dates specified in division (A)(2)(a) of this section would be inequitable, the court may select dates that it considers equitable in determining marital property. If the court selects dates that it considers equitable in determining marital property, "during the marriage" means the period of time between those dates selected and specified by the court.
R.C. 3105.171(A)(2).
In this case, the trial court does not specify what the final date of the marriage is. The attorneys assumed that the final date would be December 31, 1995, the date of the separation and presented evidence showing the valuation of assets and debts as of that date. The trial court used this date for the determination of the cash value of the life insurance. However, the trial court then used the date of the final hearing for determination of the value of retirement benefits. The court must be consistent in the date used for determining the value of assets and debts incurred during the marriage. Linn v. Linn (April 22, 1998), Seneca App. No. 13-97-48, unreported. Thus, the third assignment of error is well-taken.
The fourth assignment of error in the appeal and the second assignment of error in the cross-appeal both assert that the trial court erred when it failed to fully dispose of all marital debts and assets. Appellee, in the cross-appeal, focuses on the McPrice Court Investment distribution received by appellant and claims that she is entitled to one half of the distribution because the investment was made during the marriage. Appellant claims that the trial court did not divide any marital debts beyond the mortgages. During the hearing on February 5, 1997, testimony was given as to various debts incurred by the parties, both prior to separation and after separation.[1] Testimony was also given as to the various investments of the couple, including the McPrice Court Investment. However, the trial court never addressed these issues.
In divorce proceedings, the trial court must determine which property is marital and then divide that property in an equitable manner. R.C. 3105.171. The trial court must also divide the marital debt in a like manner. Here, the trial court completely ignored the issue of whether the debt raised at the hearing was marital or whether the investment was marital. Thus, the fourth assignment of error in the appeal and the second assignment of error in the cross-appeal are sustained.
The first assignment of error in the cross-appeal is that the trial court erred in not making spousal support and child support retroactive. Appellee claims that appellant should have been paying support since he filed for divorce. The determination of whether support is needed during the pendency of a divorce is left to the sound discretion of the trial court. Appellee has presented no evidence that the trial court abused its discretion by not awarding temporary support while the divorce was pending. Thus, the first assignment of error of the cross-appeal is overruled.
In the third assignment of error in the cross-appeal, appellee asserts that the trial court erred by failing to order an equitable division of the marital real estate located in Jordan and Palestine. The trial court must divide all marital assets. R.C. 3105.171. Here, the trial court refused to allocate rights to the property because the allocation would not be enforceable overseas. However, the values of the property still must be determined and the rights of the parties allocated so that the trial court can make an equitable division of all marital property. This assignment of error is well-taken.
The judgment of the Court of Common Pleas of Mercer County is reversed and the cause is remanded for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
EVANS and HADLEY, JJ., concur.
[1] Appellee's claim that all debt belongs to appellant because he is the one with the income is entertaining but lacks any legal basis.